```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| IVAN D. FOSTER, | |
| Petitioner, | Civil Action No. 09-1486 (JBS) |
| v. | **MEMORANDUM OPINION** |
| CHARLES E. ALBINO, et al., | |
| Respondent. | |

SIMANDLE, District Judge:

1. On March 30, 2009, the Clerk received a petition seeking a writ of habeas corpus ("Petition"); the Petition was submitted by Ivan D. Foster ("Petitioner"), an inmate currently confined at the Southern State Correctional Facility, Delmont, New Jersey. See Docket Entry No. 1. The Petition, a 154-page document, presented a potpourri of Petitioner's letters (to this Court and to other entities), as well as letters to Petitioner drafted by numerous state entities, Petitioner application asserting jurisdiction under § 2241, Petitioner's civil complaint asserting § 1983 jurisdiction, plus numerous transcripts and prosecutorial memoranda (taken or submitted, apparently, during Petitioner's recent criminal proceedings), etc. See Docket Entry No. 1. The best this Court could surmise, Plaintiff

        intended to seek his immediate release from custody on the grounds of various challenges to his arrest, indictment and incidents of his criminal proceedings (suggesting a claim of malicious prosecution), although the submission included Plaintiff's statements that he suffers of enlarged heart and high blood pressure, thus, vaguely hinting at the possibility of Eighth and/or Fourteenth Amendments medical care claims.

2. Three days later, i.e., on April 3, 2009, the Clerk received a letter from Petitioner.  See Docket Entry No. 2.  The letter, mainly consisting of legal arguments fostering general points of "legal fairness," informed the Court of Petitioner's opinion that he has been "in jail illegally for 20 months" and that he was "coerced into taking a plea deal or else go to trial with fabricated evidence."  Id. at 1.  The letter also asserted that the Petition should be addressed on emergent basis because "it would be unjust to delay hearing this petition, because the state Appellate court has been given adequate opportunity to address the U.S. Constitutional deprivation and has chosen not to and to not adhere to the comity doctrine of granting injunctive relief as a result of prosecution brought in Bad Faith."  Id. at 1-2 (capitalization in original).

3.  Eleven days later the Clerk received another letter from Petitioner. See Docket Entry No. 3. This latest submission (addressed, for the reasons not entirely clear to this Court, to Chief Judge Garrett E. Brown) asserted that the abstention doctrine enunciated in Younger v. Harris, 401 U.S. 37 (1971), was inapplicable to Petitioner's instant application in light of the fact that Petitioner is seeking a writ of habeas corpus. See id. at 2.

4.  Further, on April 24, 2009, Petitioner's letter of April 21, 2009 was filed with the Court, see Docket Entry No. 4, requesting that his Petition be processed under 28 U.S.C. § 2241(c)(3) instead of 28 U.S.C. § 2254.

5.  Petitioner's public record provided by the New Jersey Department of Corrections indicates that Petitioner was convicted on June 13, 2008. See <<https://www6.state.nj.us/DOC_Inmate/details?x=1404078&n=0>>.

6.  This Court does not have jurisdiction to review the instant petition under § 2241, since § 2241 is not an alternative to 28 U.S.C. § 2254. See Felker v. Turpin, 518 U.S. 651, 662, (1996) ("authority to grant habeas corpus relief to state prisoners is limited by 28 U.S.C. § 2254, which specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgment of a state court"); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)

("Congress has attached restrictions to Section 2254 proceedings that should not be circumvented by permitting a petitioner to go forward under the more general authority conferred by Section 2241"). In Coady the Court of Appeals for the Third Circuit determined that:

> [W]ith respect to habeas petitions Filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). (footnote omitted). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

Accordingly, Petitioner must rely on § 2254 to challenge his detention, and -- if the Court is to address the Petition under § 2241 -- it must dismiss the Petition for lack of subject matter jurisdiction.

7. The Court has the power to construe the Petition as a § 2254 application.  However, such construction would not cure the Petition's shortcomings.  The sole sentence included in Petitioner's multiple submissions addressing the issue of his exhaustion of state remedies reads as follows: "the state Appellate court has been given adequate opportunity to address the U.S. Constitutional deprivation."  This sentence

suggests that Petitioner's challenges to his conviction are either currently pending before the Appellate Division or were not undertaken altogether, or were recently dismissed, but -- in any event -- this sentence indicates that Petitioner did not seek certification from the Supreme Court of New Jersey with regard to his challenges.[1]  Therefore, the Petition appears facially unexhausted.

8. A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective. . . ."  28

---

[1] The Court's own research located no decisions by either the Appellate Division or the Supreme Court of New Jersey with regard to Petitioner's conviction underlying his instant Petition.  The only decision seemingly related to Petitioner is a 1997 action, Ivan D. Foster v. CWS Industries, 149 N.J. 142 (1997), but this matter cannot have any relation to Petitioner's 2008 conviction.  Moreover, the nature of Petitioner's instant habeas challenges is not obvious from the lengthy and patchy streams of allegations provided in the Petition which, the Court mentions in passing, fails to comply with Habeas Rule 2(c), which requires the litigant to clearly specify all the grounds for relief and also clearly state the facts supporting each ground, and with Rule 2(d), which obligates the litigants to prepare a "petition [that] substantially follow either the [pre-printed habeas petition] form [distributed by the Clerk] or a form prescribed by a local district-court rule." Petitioner's 154-page potpourri of documents fails to comply with either Rule 2(c) or Rule 2(d).

U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); Duarte v. Hershberger, 947 F. Supp. 146 (D.N.J. 1996); see also Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts"). The courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971); Picard v. Connor, 404 U.S. 270, 275 (1971); Evans v. Court of Common Pleas, Del. Cty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993). Exhaustion is not a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18; Evans, 959 F.2d at 1230; O'Halloran v. Ryan, 835 F.2d 506, 509 (3d Cir. 1987). Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose,

455 U.S. at 519; Castille v. Peoples, 489 U.S. 346, 349 (1989).  A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings.  See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999)("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350.  The petitioner generally bears the burden to prove all facts establishing exhaustion.  See Toulson, 987 F.2d at 987.  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  See Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not

sufficient; the legal theory and factual predicate must also be the same.  See id. at 277.  Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  See 28 U.S.C. § 2254(c).  Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."  Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted).

9.  Here, since Petitioner's challenges to his June 13, 2008, conviction appear to be unexhausted, the Petition is subject to dismissal for failure to meet the exhaustion requirement.[2]  Therefore, the Petition will be dismissed

---

[2] However, being mindful of Petitioner's pro se status, the Court cannot rule out the possibility that Petitioner duly exhausted his challenges in *all* levels of the state court during the nine months between his conviction and his filing of the instant Petition but, somehow, omitted to include in his voluminous Petition any information so indicating or any court decisions to that effect.  In such case, Petitioner shall file a supplemental petition providing the Court with *clear and **concise*** information about the particular challenges Petitioner raised in the state courts *after* Petitioner's conviction (i.e., *his appellate or post-conviction-relief* challenges to his judgment of conviction and/or to his sentence) and the outcome of the state courts' decisions with regard to *these particular* challenges (as well as the dates of these decision).  The Court stresses to Petitioner that the challenges Petitioner presented *during* his

without prejudice to Petitioner's filing of a timely § 2254 petition upon exhaustion of his state courts remedies.[3]

---

criminal proceedings are *not* challenges to Petitioner's judgment conviction, even though the content of the Petition suggests that Petitioner sees his "during-criminal-proceedings" motions as applications related to his conviction.  In the event Petitioner believes that he duly exhausted his *appellate or post-conviction-relief* challenges to his judgment of conviction and/or to his sentence by presenting these challenges to *all* levels of the state court (including the Supreme Court of New Jersey) but Petitioner has no specific information about *appellate or post-conviction-relief* actions, Petitioner shall *clearly* indicate so: the Court, then, will direct Respondents to provide the Court with the record of Petitioner's direct appeal of his conviction, if any, and/or with the record of Petitioner's post-conviction proceedings, if any.  The Court will retain jurisdiction over this matter for 45 days and, in the event Petitioner files a supplemental petition with the information indication due exhaustion of state remedies, the Court will direct the Clerk to reopen this matter.

    [3] On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).  The statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires

9

10. Petitioner's Fourth and Fourteenth Amendment challenges to the circumstances of his arrest and indictment, and his malicious prosecution claim, as well as his vague statements about his medical needs hinting at potential Eighth and/or Fourteenth Amendments claims, are dismissed without prejudice to Petitioner's filing an appropriate civil rights complaint setting forth these non-habeas challenges.

11. The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA") on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural

---

statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), provided that the application to the state court seeking collateral review was filed *during* the period of limitations. Petitioner is, thus, advised to keep these limitations in mind in the event he contemplates filing a § 2254 petition upon exhaustion of his state remedies. Moreover, since Petitioner's projected parole eligibility date is November 27, 2009, and his projected maximum release date is September 22, 2010, see <<https://www6.state.nj.us/DOC_Inmate/details?x=1404078&n=0>>, Petitioner is reminded of his right to file a § 2254 application together with a request to stay that application and hold it in abeyance in the event Petitioner expects to be not "in custody" by the time when he exhausts his state remedies at all levels of the state court.

grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Id.</u>  Here, the Court denies Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that the Petition, as drafted, should be dismissed for failure to meet the exhaustion requirement. The accompanying Order will be entered.


                                        <u>**s/ Jerome B. Simandle**</u>
                                        JEROME B. SIMANDLE
                                        U.S. District Judge

Dated: **April 28, 2009**