**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                                 :
IVAN D. FOSTER,                  :
                                 :   Civil Action No. 09-1486 (JBS)
            Petitioner,          :
                                 :
       v.                        :   MEMORANDUM
                                 :   ORDER
CHARLES E. ALBINO, et al.,       :
                                 :
            Respondents.         :
_____:
```

IT APPEARING THAT:

1.  On March 30, 2009, the Clerk received Petitioner's original petition seeking a writ of habeas corpus. See Docket Entry No. 1.

2.  Since the Petition was filed under § 2241 but contained § 2254 challenges, the Court dismissed it for lack of jurisdiction and, in addition, found it futile to construe Petitioner's submission as a § 2254 application because the Petition appeared facially unexhausted. See Docket Entries Nos. 5 and 6 (the Court's Opinion and Order dated April 28, 2009). However, out of abundance of caution, the Court notified Petitioner that, if his claims were duly exhausted in spite of the impression created by the Petition, Petitioner shall notify the Court accordingly in the event he wishes to proceed with a § 2254 action. See id.

3.  On May 8, 2009, the Clerk docketed Petitioner's "Amended Petition" ("First Amended Petition"), the content of which

confirmed that Petitioner's challenges are unexhausted, and his direct appellate proceedings are underway. <u>See</u> Docket Entry No. 9.

4.   On May 14, 2009, the Clerk docketed another "Amended Petition" from Petitioner ("Second Amended Petition"); the content of that submission indicated that it was a mislabeled § 1983 civil complaint seeking compensatory damages from various entities. <u>See</u> Docket Entry No. 10.

5.   The content of the First Amended Petition does not alter the Court's conclusions reached with regard to Petitioner's original submission; rather, it confirms the correctness of the Court's determination. Although the First Amended Petition notes Petitioner's belief that the state courts would not be able to provide Petitioner with full and fair examination of his claims, the exhaustion requirement applicable to § 2254 petitions cannot be circumvented by Petitioner's self-serving doubts as to the competence and ethics of the state court system.[1] Thus, even if this Court were to construe -- in alternative -- the First Amended

---

[1]   Notably, Petitioner was explained the process of exhaustion requirement not only by this Court but also by Judge Bumb in <u>Foster v. Taylor</u>, 1:07-cv-05809 (RMB), Docket Entry No. 2, when Petitioner asserted the same challenges to New Jersey state court system as a pre-trial detainee.

2

Petition as Petitioner's motion for reconsideration, such motion should be denied.[2]

6.   The Second Amended Petition (which is a § 1983 civil complaint) cannot be entertained in this habeas action: Petitioner should raise these claims in a separate civil matter, upon either pre-paying his filing fee or duly obtaining the requered in forma pauperis status. Since Petitioner initiated numerous § 1983 actions in this District and, hence, was explained on numerous occasions the requirements for -- as well as the consequences of --

---

[2]  There are four basic grounds upon which a motion for reconsideration may be granted:  (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice; and (d) to accord the decision to an intervening change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."  Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998).  However, mere disagreement with the district court's decision is inappropriate on a motion for reconsideration, and should be raised through the appellate process.  Id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).  "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion.  Assisted Living, 996 F. Supp. at 442.  Here, Petitioner's self-serving conclusions that the state courts are inadequate and/or biased do not qualify as the matters overlooked by this Court.

obtaining <u>in forma pauperis</u> status in a civil rights matter, <u>see</u>, <u>e.g.</u>, <u>Foster v. Miller</u>, 1:09-cv-00492 (NLH), Docket Entry No. 2 (Mar. 23, 2009); <u>Foster v. Sampson</u>, 1:08-cv-04680 (NLH), Docket Entry No. 2 (Oct. 1, 2008), this Court finds another recitation of the same superfluous and directs Petitioner's attention to the guidance provided to him by Judge Hillman in the two above-cited matters.

THEREFORE IT IS on this __**24th**__ day of ____**June**____, **2009**,

ORDERED that the Clerk shall reopen this matter (for the purposes of this Court entertaining Petitioner's First and Second Amended Petitions, Docket Entries Nos. 9 and 10) by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Petitioner's First Amended Petition, Docket Entry No. 9, is dismissed, without prejudice, for failure to exhaust state remedies and the Court denies Petitioner a certificate of appealability with respect to the First Amended Petition; and it is further

ORDERED that the Second Amended Petition, Docket Entry No. 10, is dismissed without prejudice to Petitioner raising his civil rights challenges in a new and separate § 1983 matter; and it is further

ORDERED that the Clerk shall close this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED"; and it is finally

ORDERED that the Clerk shall serve a copy of this Memorandum Order upon Petitioner by regular U.S. mail, together with a blank civil complaint and a blank application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in a civil action.

**s/ Jerome B. Simandle**
**Jerome B. Simandle**
**United States District Judge**